IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AM LOGISTICS INC. | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 13-2876 |
| SORBEE INTERNATIONAL, LLC | : | |

SURRICK, J.                                                                                  JANUARY __9__, 2014

## MEMORANDUM

Presently before the Court is Defendant Sorbee International, LLC's Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) or in the Alternative, Motion for More Definite Statement Pursuant to Fed. R. Civ. P. 12(e).  (ECF No. 8.)  For the following reasons, Defendant's Motion will be denied.

## I.  BACKGROUND[1]

Plaintiff AM Logistics Inc. files this lawsuit against Defendant Sorbee International, LLC, alleging claims for breach of contract, book account, and unjust enrichment.  The claims arise out of an agreement between the parties under which Plaintiff "act[ed] as a broker arranging for the inland transportation of cargoes to, from, and for the benefit of Defendant."  (Compl. ¶ 5, ECF No. 1.)[2]  Plaintiff alleges that, under the agreement, Plaintiff arranged for the

---

[1] We view all of the facts and draw all reasonable inferences therefrom in the light most favorable to Plaintiff, the non-moving party.  *P.N. v. Clementon Bd. of Educ.*, 442 F.3d 848, 852 (3d Cir. 2006).

[2] This is a diversity action.  Plaintiff is a New Jersey corporation and Defendant is a Pennsylvania company.  The Parties do not dispute that Pennsylvania law applies to the claims asserted by Plaintiff.  Defendant references Pennsylvania state law as applicable to Plaintiff's claims.  (*See* Def.'s Mot. 6, ECF No. 8.)  Plaintiff does not dispute application of Pennsylvania law and cites cases from the Eastern District of Pennsylvania in support of its arguments.  (*See* Pl.'s Resp. 11, 13-14, ECF No. 11.)

transportation of cargoes for the benefit of, and at the request of, Defendant.  (*Id*. at ¶¶ 6, 7.)  In the course of this business relationship, Defendant ordered transportation-related services from Plaintiff and Plaintiff would submit invoices to Defendant for these services.  (*Id*. at ¶¶ 8, 11.)  The invoices submitted to Defendant included the charges of road carriers, tractor-trailer operators, and other entities for which Plaintiff had covered the cost.  (*Id*. at ¶ 12.)  Plaintiff alleges that Defendant has failed to pay for services incurred for the time period of July 26, 2012 to November 20, 2012.  (*Id*. at ¶ 13.)  The unpaid invoices total $183,130.34.  (*Id*. at ¶ 14 & Ex. A ("Statement of Account").)  Plaintiff has made demands to Defendant for payment.  (*Id*. at ¶ 15.)

On May 23, 2013, Plaintiff filed a Complaint, asserting claims for breach of contract (Count One); book account (Count Two); and unjust enrichment (Count Three).  On June 25, 2013, Defendant filed the instant Amended Motion to Dismiss, or in the Alternative, For More Definite Statement.  (Def.'s Mot.)  Plaintiff filed a Response to Defendant's Motion on July 9, 2013.  (Pl.'s Resp.)

**II.    LEGAL STANDARD**

    **A.    Motion to Dismiss**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).  A Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Federal Rule of Civil Procedure 8.  Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a), "in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)

(citation omitted).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed.  *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).  Courts need not accept "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ." *Iqbal*, 556 U.S. at 678.  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.  This "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

        B.        **Motion for a More Definite Statement**

Pursuant to Rule 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).  Rule 12(e) motions are "highly disfavored" in light of Rule 8, which requires only a short and plain statement of the claim.  *Country Classics at Morgan Hill Homeowner' Ass'n v. Country Classics at Morgan Hill, LLC*, 780 F. Supp. 2d 367, 371 (E.D. Pa. 2011); *see also Sun Co. v. Badger Design & Constructors*, 939 F. Supp. 365, 374 (E.D. Pa. 1996) ("The class of pleadings that are appropriate subjects for a motion under Rule 12(e) is quite small—the pleading must be sufficiently intelligible for the court to be able to make out one or more potentially viable legal theories on which the claimant

might proceed." (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1376 (1990))).

Rule 12(e) motions are not substitutes for the discovery process.  *See Steinberg v. Guardian Life Ins. Co. of Amer.*, 486 F. Supp. 122, 123 (E.D. Pa. 1980) (denying motion for a more definite statement where complaint was not so vague or ambiguous and "[a]dditional information may be obtained from the discovery procedures").  Granting the request for a more definite statement is only appropriate when the pleading is "so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith; without prejudice to itself."  *Sun Co.*, 939 F. Supp. at 368 (quotations omitted).

### III.   DISCUSSION

Defendant seeks dismissal of all three claims alleged in the Complaint.  Specifically, Defendant contends that Plaintiff has failed to demonstrate that a viable contract existed, and that Defendant breached that contract.  Defendant further contends that Plaintiff's book account claim is similarly deficient in that it fails to allege the basic elements of an agreement.  Finally, Defendant contends that Plaintiff cannot plead both an unjust enrichment claim and a breach of contract claim since the remedies for these claims are inconsistent, and that Plaintiff failed to state an unjust enrichment claim.  To the extent that Defendant's request to dismiss the Complaint is denied, Defendant requests that Plaintiff be required to file an amended Complaint that pleads with more specificity.  Plaintiff responds that the allegations in the Complaint are sufficient to survive dismissal under Rule 8 and the notice pleading standards applicable to complaints filed in the federal courts.

### A.  Breach of Contract Claim

Defendant asserts that the allegations in support of Plaintiff's breach of contract claim are "woefully deficient" because Plaintiff failed to set forth the essential terms of the agreement, and failed to attach documents to support the claim, including the alleged agreement, demands for payment, and the invoices of road carries, trailer operators, and other third parties.  (Def.'s Mot. 2-3.)

Under Pennsylvania law, in order to state a claim for breach of contract, a plaintiff must allege:  "1) the existence of a contract, including its essential terms; 2) a breach of a duty imposed by the contract; and 3) resultant damage."  *Woods v. ERA Med LLC*, No. 08-2495, 2009 WL 141854, at *3 (E.D. Pa. Jan. 21, 2009) (quoting *Pittsburgh Constr. Co. v. Grifith,* 834 A.2d 572, 580 (Pa. Super. Ct. 2003)); *see also Ware v. Rodale Press, Inc*., 322 F.3d 218, 225 (3d Cir. 2003).  Federal courts do not require a plaintiff to attach the alleged contract to the complaint. *Transport Int'l Pool, Inc. v. Ross Stores, Inc*., No. 06-182, 2009 U.S. Dist. LEXIS 32424, at *8-9 (E.D. Pa. Apr. 15, 2009); *Jones v. Select Portfolio Servicing, Inc*., No. 08-973, 2008 U.S. Dist. LEXIS 33284, at *10 (E.D. Pa. Apr. 23, 2008).  In addition, "[w]hen a plaintiff pleads a contract according to its legal effect, the complaint does not need to resort to a formulaic recitation of the elements of the alleged contract; rather, the complaint must allege facts sufficient to place the defendant on notice of the contract claim in such a way that the defendant can reasonably respond."  *Transport Int'l Pool*, 2009 U.S. Dist. LEXIS 32424, at *9; *see also Guzzi v. Morano*, No. 10-1112, 2011 U.S. Dist. LEXIS 115496, at *32 (E.D. Pa. Oct. 6, 2011).

The Complaint alleges that Plaintiff and Defendant "negotiated and entered into an agreement whereby Plaintiff would act as a broker arranging for the inland transportation of cargoes to, from, and for the benefit of defendant."  (Compl. ¶ 5.)  The Complaint further alleges

that based upon the agreement reached between the parties, Defendant requested that Plaintiff arrange for transportation related services, and that Plaintiff "arranged for the[se] services for Defendant, incurred charges on behalf of Defendant, and billed defendant for such charges and its brokerage services." (*Id*. at ¶¶ 6-7.)  The Complaint also states Plaintiff submitted invoices to Defendant, that these invoices included the charges of road carriers, tractor-trailer operators, and other entities involved in providing the transportation services, and that Defendant failed to pay the invoices.  (*Id*. at ¶¶ 11-12.)  Plaintiff attached to the Complaint a copy of the statement of account, which indicates that approximately 130 shipments were arranged by Plaintiff on behalf of Defendant during the time period of July 2012 to November 2012.  (*Id*. at ¶¶ 12-13 & Statement of Account.)  Finally, the Complaint alleges that the amount outstanding on these invoices totals $183,130.34.

  We are satisfied that these facts adequately support the existence of a breach of contract claim that is plausible on its face.  Although the facts surrounding the agreement are sparse, the allegations create a "reasonable inference that [Defendant] is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  It is of no consequence that the alleged agreement was not attached as an exhibit to the complaint.  *See, e.g.*, *Transport Int'l Pool, Inc.*, 2009 U.S. Dist. LEXIS 32424, at *8-9.  Moreover, it is irrelevant that Plaintiff did not provide back-up documentation to substantiate charges to third party vendors.  This information may be provided in discovery.  The allegations describe, at the very least, that a commercial relationship existed between Plaintiff and Defendant as it related to the brokerage of transportation related services.  *See DeFebo v. Anderson Windows, Inc.*, No. 09-2993, 2009 WL 3150390, at *5 (E.D. Pa. Sept. 24, 2009) (breach of contract claim not dismissed on Rule 12(b)(6) motion since the complaint alleged the existence of a business relationship and a tacit agreement between the parties).  The Complaint

does not merely include "[t]hreadbare recitals of the elements" of a breach of contract claim, *see Iqbal*, 556 U.S. at 678, but contains facts sufficient to support a conclusion that an agreement existed, and that Defendant breached that agreement by failing to pay for the services it received. Additional details and documentation about the contract, the parties' understanding, and the alleged breach may be exchanged through discovery. If after discovery, Defendant concludes that Plaintiff cannot establish the existence of a viable breach of contract claim, Defendant may seek summary judgment. At this juncture, Plaintiff has alleged sufficient facts to survive dismissal.

### B.   Book Account Claim

Defendant also requests that the Court dismiss Plaintiff's claim for a book account, which alleges simply that the sum of $183,130.34 is due from Defendant "on a book account." (Compl. ¶ 25.) Defendant contends that these allegations are deficient because the Complaint fails to allege that Defendant agreed to pay the transportation related charges. We disagree. Plaintiff has alleged that an agreement was reached whereby Plaintiff would act as a broker for transportation related services, and that Defendant breached that agreement by failing for pay for the charges incurred.

We note that the book account claim appears to be duplicative of the breach of contract claim. Both counts allege that Defendant failed to pay the $183,130.34 in transportation related services. The only difference is that the book account claim states that the payment sum is due "on a book account" as opposed to as a result of a breach of contract. (Compl. ¶¶ 22, 25-27.)

At least two courts in the Third Circuit have questioned the propriety of pleading a book account claim when a breach of contract claim has also been pled. *See, e,g.*, *Fintech Consulting v. ClearVision Optical Co.*, No. 12-4956, 2013 WL 1845850, at *5 (D.N.J. Apr. 30, 2013)

(dismissing plaintiff's book account claim as redundant of the breach of contract claim); *L.R. McCoy & Co., Inc. v. Beiler*, No. 10-1301, 2011 U.S. Dist. LEXIS 27553, at *15 (E.D. Pa. Mar. 16, 2011) (observing that the book account claim is duplicative of the breach of contract claim). In *Beiler*, the court observed that "[e]ven if plaintiff proceeds on both counts through discovery, it will not be permitted to recover twice for the same injury." *Beiler*, 2011 U.S. Dist. LEXIS 27553, at *15 (permitting the book account claim to survive a motion to dismiss). Indeed, Plaintiff concedes that it is not permitted to recover under both the breach of contract and book account theories. (Pl.'s Resp. 11.) We will permit the book account claim to proceed to discovery but caution that Plaintiff will not be permitted to recover on both claims.

  C. **Unjust Enrichment Claim**

Defendant also requests dismissal of the unjust enrichment claim, arguing that it is inconsistent with a claim for breach of contract. Specifically, Defendant contends that when a written contract exists between the parties, there can be no quasi-contract or equitable claim for unjust enrichment. Defendant also argues that the Complaint fails to allege the elements of an unjust enrichment claim.

"Unjust Enrichment is an equitable doctrine." *Commonwealth v. TAP Pharm. Prods.*, 885 A.2d 1127, 1137 (Pa. Commw. Ct. 2005). Under this equitable doctrine, "the law implies that a contract exists when a party is found to have been unjustly enriched; the doctrine requires the offending party to pay the plaintiff the value of the benefit he has conferred on the defendant." *Id.* (citing *Mitchell v. Moore*, 729 A.2d 1200, 1203 (Pa. Super. 1999)). An unjust enrichment claim is essentially a quasi-contract claim. *Century Indem. Co. v. URS Corp.*, No. 08-5006, 2009 WL 2446990, at *5 (E.D. Pa. Aug. 7, 2009). Thus, "'when the relationship between the parties is founded on a written agreement or express contract,'" the unjust

enrichment doctrine does not apply. *Id*. (quoting *Benefit Trust Life Ins. Co. v. Union Nat'l Bank of Pittsburgh*, 776 F.2d 1174, 1177 (3d Cir. 1985)).

Defendant is correct that an unjust enrichment claim is inconsistent with a breach of contract claim. However, the Complaint is not specific about whether the agreement between the parties was founded on an express written agreement. Plaintiff merely alleges that the parties "negotiated and entered into an agreement." (Compl. ¶ 5.) Under the circumstances, Plaintiff is entitled to plead these two claims in the alternative at this stage in the proceedings. *See* Fed. R. Civ. P. 8(d)(2) (stating that a party may set out two or more statements of a claim alternatively); *see also Century Indem. Co.*, 2009 WL 2446990, at *5 ("A claim of unjust enrichment may, however, be pled in the alternative to a breach of contract claim, although the finding of a valid contract would prevent a party from recovering under an unjust enrichment theory.") (internal quotation marks omitted); *Sheinman Provisions, Inc. v. Nat'l Deli, LLC*, No. 08-453, 2008 WL 2758029, at *4 (E.D. Pa. July 15, 2008) (stating that courts in the Eastern District of Pennsylvania "have permitted plaintiffs to pursue alternative theories of discovery [under Rule 8(d)(2)] based on breach of contract and unjust enrichment, even where the existence of a contract would preclude recovery for unjust enrichment.").

We also reject Defendant's argument that Plaintiff failed to allege facts sufficient to state an unjust enrichment claim. The elements of unjust enrichment are: "(1) that Plaintiff conferred a benefit on the Defendant; (2) Defendant appreciated the benefit; and (3) that acceptance and retention by Defendant of the benefits, under the circumstances, would make it inequitable for the defendant to retain the benefit without paying for the value of the benefit." *CMR D.N. Corp. v. City of Phila.*, No. 07-1045, 2008 U.S. Dist. LEXIS 67507, at *9 (E.D. Pa. Aug. 28, 2008) (citing *TAP Pharm. Prods., Inc.*, 885 A.2d at 1137). Accepting the allegations in the Complaint

as true, which we are required to do, we are satisfied that Plaintiff has pled an unjust enrichment claim that is plausible on its face.  Plaintiff acted as a broker and coordinated transportation related services on behalf of Defendant, and incurred costs to do so.  Plaintiff conferred a benefit on Defendant, and based on the facts alleged, it would be inequitable to retain the benefit without paying for the services it received.   Accordingly, we will deny Defendant's motion to dismiss the unjust enrichment count and permit Plaintiff to plead alternative claims at this juncture.

### D. Request for a More Definite Statement

Finally, Defendant requests that Plaintiff be required to provide a more definite statement under Rule 12(e) in the event that the Court denies dismissal of the claims for failure to state a claim.  Defendant argues that the Complaint is so unintelligible that it cannot properly respond.  Specifically, Defendant contends that it is "impossible" for it to respond to the breach of contract claim since the Complaint fails to articulate the parties' obligations under the alleged agreement.  Again, we disagree.  The Complaint alleges that an agreement was negotiated and entered into between Plaintiff and Defendant whereby Plaintiff would act as a broker and arrange for the transportation of cargo on behalf of, and for the benefit of, Defendant, who would in turn, pay for such services.  As noted above, the request for a more definite statement is only appropriate when the pleading is "so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to itself." *Sun Co.*, 939 F. Supp. at 368 (citation omitted).  This Complaint is not so vague or ambiguous that Defendant is unable to respond.  Defendant's request is therefore denied.  Any additional details surrounding the agreement, the terms, and the parties' intentions are appropriate for discovery.  If after discovery Plaintiff is unable to establish a viable breach of contract claim, Defendant may seek summary judgment.

## IV. CONCLUSION

For the foregoing reasons, Defendant Sorbee International, LLC's Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) or in the Alternative, Motion for More Definite Statement Pursuant to Fed. R. Civ. P. 12(e) will be denied.

An appropriate Order will follow.

BY THE COURT:

_____
**R. BARCLAY SURRICK, J.**